Helen Anne LUKASZEWICZ and Thomas
P. Lukaszewicz, Plaintiffs,

v.

ORTHO PHARMACEUTICAL CORPO-
RATION, et al., Defendants.

Civ. A. No. 79–C–93.

United States District Court,
E. D. Wisconsin.

July 28, 1981.

Charles W. Oppitz, Milwaukee, Wis., for plaintiffs.

Edmund W. Powell, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a products liability suit brought pursuant to 28 U.S.C. § 1332. The plaintiff Helen Anne Lukaszewicz (hereafter "plaintiff") alleges that the defendant Ortho Pharmaceutical Corporation (hereafter "defendant") manufactured and sold Ortho-Novum, an oral contraceptive, in a defective condition unreasonably dangerous to the plaintiff without giving her adequate warning of its possible side effects, and that as a result of her use of the produce she suffered a cerebral accident on or about January 20, 1976.

The defense consists in part of an effort to show that the "cerebral accident" lacked an organic cause and was instead a psycho-physiological episode caused by the plaintiff's emotional and psychological condition.

The issue presently before the court is the propriety of the release to defendant's counsel of forty pages of medical records dating from 1960 from the University Hospitals in Madison, Wisconsin. Thirty pages of the records relate solely to the plaintiff, born Helen Verdev. Ten pages of the records, however, relate to a psychological profile of the Verdev family, consisting of Helen, her parents, and her three siblings.

A status conference was held in this action on July 17, 1981, to discuss the propriety of releasing the records to defendant's counsel. Mrs. Verdev, Helen's mother, appeared at the conference with counsel and objected to disclosure of the family records on behalf of herself and her three other

children. She also stated that Mr. Verdev opposes release of the records and intends to retain separate counsel.

Section 905.04, Wis.Stats., creates a physician-patient privilege in the following manner:

> "(2) General rule of privilege. A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made or information obtained or disseminated for purposes of diagnosis or treatment of the patient's physical, mental or emotional condition, among the patient, the patient's physician, * * *, the patient's psychologist or persons, including members of the patient's family, who are participating in the diagnosis or treatment under the direction of the physician, * * * or psychologist."

Rule 501 of the Federal Rules of Evidence incorporates state law on privilege in any civil action as to which state law supplies the rule of decision.

Defendant's counsel stated during the status conference that, in determining whether the Verdev family, excluding Helen, should be able to claim privilege with regard to their joint medical records, the court should balance the potential relevancy of the information contained in the records to the matters at issue in this action against the privacy interests of the non-party family members.

I have reviewed the records in their entirety and I am satisfied that the portions of them which relate to other family members are of minimal relevancy to the defendant's anticipated defense in this suit. They relate to events which occurred more than fifteen years before the plaintiff's cerebral accident. The impact of those events on Helen is described in the portions of the reports relating solely to her and those portions will be disclosed. In the intervening years she has been seen by at least nine treating physicians, one of whom plaintiff's counsel stated during the pretrial conference on April 14, 1981, that he will call as a witness at trial, and the other eight of whom defendant's counsel stated that he will call. At the July 17, 1981 conference,

defendant's counsel also stated that he intends to prove his defense through the testimony of plaintiff's own physicians. Defendant has not had an independent medical or psychological evaluation made of her.

Under all of those circumstances, I believe that the privacy interest of the Verdev family members in their medical records compiled more than twenty years ago outweighs the defendant's need for the records. The records are of tangential relevance at best and the defendant will in all probability suffer no prejudice whatsoever if not permitted to review them. Accordingly, only those portions of the records relating to the plaintiff are being provided to counsel with a copy of this order. The remaining portions of the records will remain under seal with the court.

IT IS SO ORDERED.